**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LAMONT LOVE, | : | |
| Plaintiff, | : | Civil No. 11-4154 (PGS) |
| v. | : | |
| MIDDLESEX COUNTY PROS. OFFICE, et al., | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

Lemont Love, Pro Se
331321C
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

**SHERIDAN, District Judge**

Plaintiff, Lemont Love, currently confined at the Northern State Prison, Newark, New Jersey, has submitted this civil complaint, which alleges violations of his constitutional rights and seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks permission to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). For the following reasons, the complaint will be dismissed, with prejudice.[1]

## BACKGROUND

Plaintiff names as defendants the Middlesex County Prosecutor's Office; Bruce Kaplan, the Prosecutor; Antonio Toto, a defense attorney; Law Offices of Antonio Toto; Paula Dow, the Attorney General (as supervisor of the Prosecutor's Office); and Christine D'Elia, Assistant Prosecutor of the Middlesex County Prosecutor's Office.

Plaintiff's claims concern his criminal trial. He states that defendants maliciously prosecuted him, withheld exculpatory evidence, failed to investigate and request discovery, and failed to communicate with him during trial. (Statement of Claims, ¶ 6). He seeks monetary damages and "to order injunctive relief from being criminally tried in Middlesex County vicinage on pending criminal trial . . . ." (Relief, ¶ 7).

## DISCUSSION

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action

---

[1] This Court notes that Plaintiff's address is incorrectly reflected on the docket, and will Order the Clerk of the Court to make corrections.

2

in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because plaintiff is a prisoner and is proceeding as an indigent.

Recently, in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C.  **Plaintiff's Claims Must Be Dismissed.**

   1.  **Prosecutorial Immunity**

Plaintiff's claims against the prosecutor defendants (Middlesex County Prosecutor's Office, Kaplan, D'Elia and Dow, must be dismissed because these defendants are absolutely immune from liability.

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution"

5

is not amenable to suit under § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  See Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See, e.g., Kalina v. Fletcher, 522 U.S. 118 (1997) (stating prosecutor testifying as complaining witness rather than state's prosecutorial advocate is protected only by qualified immunity for attesting to truth of facts found in certification in support of arrest warrant); Burns, 500 U.S. at 492-96 (provision of legal advice to police during pretrial investigation is protected only by qualified immunity); Buckley, 509 U.S. at 276-78 (prosecutor not acting as advocate, and not entitled to absolute immunity, when holding press conference or fabricating evidence).

Plaintiff's allegations concerning his criminal case fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution.  There is no allegation that the

prosecuting defendants acted outside the scope of their prosecutorial roles in the criminal proceedings against Plaintiff, or of wrongdoing or prosecutorial misconduct. Therefore, the claims against these defendants must be dismissed for failure to state a claim and because they are entitled to absolute immunity.

### 2. Defense Attorneys are Not State Actors.

Plaintiff names Antonio Toto and his Law Office as defendants.  However, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Dodson, 454 U.S. at 325.  Accordingly, Plaintiff's claims against these defendants must be dismissed for failure to state a claim.  See also Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

### 3. Claims as to Plaintiff's State Court Convictions Are Barred.

Plaintiff appears to challenge his state court criminal indictment and/or convictions.

7

First, it is unclear whether Plaintiff's state court action has been concluded or is still pending. To the extent that the state court action was concluded and Plaintiff is dissatisfied with the outcome, his recourse is to directly appeal in state court, and then, if he has constitutional challenges to his conviction, file a habeas petition in this Court, pursuant to 28 U.S.C. § 2254.

The exclusive federal remedy for an inmate challenging the fact or duration of confinement is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500; see Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987). Plaintiff cannot challenge his state court criminal conviction in this § 1983 action.

Moreover, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. Here, Plaintiff has not pled that

8

he had any convictions or sentences overturned.  Thus, his claims are not ripe for consideration of monetary damages.

Further, if Plaintiff's state court action is still pending, this Court must abstain from exercising jurisdiction under the Younger abstention doctrine.  See Younger v. Harris, 401 U.S. 37 (1971).

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2).

                                              *s/Peter G. Sheridan*
                                              PETER G. SHERIDAN
                                              United States District Judge

Dated: January 16, 2012